UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

WILLIAM CARTER, JR,
    Plaintiff,

v.                                          Case No.:  4:25cv95-MCR-MAF

SGT. MCKENZIE,
    Defendant.
_____/

## ORDER

The Magistrate Judge issued a Report and Recommendation ("R&R") on June 6, 2025. *See* ECF No. 17. The Court furnished the Plaintiff a copy and afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1). I have made a *de novo* determination of all timely filed objections. ECF No. 23. Having considered the R&R and Plaintiff's timely filed objections, the Court adopts the recommendation in part and rejects it in part.

The operative complaint, ECF No. 5, asserts a civil rights violation against Sgt. McKenzie in the officer's individual capacity, alleging the failure to protect Plaintiff from an attack by other inmates. *See* 42 U.S.C. § 1983. Plaintiff seeks leave to amend his 42 U.S.C. § 1983 complaint to add claims against the Department of Corrections ("DOC") under the Americans with Disabilities Act ("ADA") and the Rehabilitation Act and an Eighth Amendment claim against Centurion. The proposed amendment also seeks to add McKenzie's official capacity.

The Magistrate Judge concluded that an official capacity claim against McKenzie is barred because it is nothing more than a claim against the DOC itself; that the ADA and Rehabilitation Act claims are futile because the allegations are conclusory and show merely an attempt to "backdoor and Eighth Amendment medical claim against DOC under the guise" of these disability discrimination statutes; and that the Eighth Amendment claim against Centurion is conclusory and fails to state a claim. Therefore, the R&R recommends denying the motion for leave to amend as futile. The Court disagrees in part.

Plaintiff argues that he is not bringing a medical malpractice claim as suggested by the Magistrate Judge but instead asserts the denial of services by reason of his disability, adding that he has received a cane "but is still placed in a top bunk" and lacks mobility and meaningful access to his work assignments, prison yard, and medical services because of his disability. ECF No. 23 at 3–4. When construed liberally, the Court cannot conclude that this amendment would be futile. *See generally, Kinard v. Fla. Dep' of Corr.*, No. 24-10359, 2024 WL 4785003, at *6 (11th Cir. Nov. 14, 2024) (liberally construing allegations that due to an inmate's injured foot and the lack of any accommodation, the prisoner was unable "to participate in recreational activities in the prison yard" as plausibly alleging an ADA and Rehabilitation Act claim). Plaintiff should be allowed an opportunity to amend

2

his pleading to add ADA and Rehabilitation Act claims against the DOC for the alleged denial of participation in services and a meaningful accommodation.

In all other respects, the Court adopts the R&R.

Accordingly:

1. The Magistrate Judge's Report and Recommendation, ECF No. 17, is **adopted in part** and **rejected in part**, consistent with this Order.

2. The motion to file a second amended complaint (ECF No. 16) is **GRANTED in part** and **DENIED in part**: Plaintiff may file an amended complaint that reasserts the § 1983 individual capacity claim stated in ECF No. 5 against Sgt. McKenzie and adds a claim against the DOC for the denial of services/denial of accommodation under the ADA and Rehabilitation Act. In all other respects, leave to amend is **DENIED**.

3. Plaintiff's amended complaint, consistent with this Order, must be filed on or before **January 26, 2026**.

4. The Clerk of Court is directed to remand this case to the Magistrate Judge for further proceedings.

**DONE AND ORDERED** this 5th day of January 2026.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**